**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

<table>
<tr><td>PRENTISS PHILLIPS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>No. 2:18-cv-02058-TLP-tmp</td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>JURY DEMAND</td></tr>
<tr><td>PATRICK HARRIS, et al.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendants.</td><td>)</td><td></td></tr>
</table>

**ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT THE
COURT CLERK ISSUE AND SERVE PROCESS ON THE REMAINING
DEFENDANTS**

Pro se Plaintiff Prentiss Phillips[1] filed a complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff's complaint concerns events that allegedly occurred at the correctional facility where he lived, West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. (ECF No. 1 at PageID 3.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 4.) Phillips sues WTSP Corporal Patrick Harris, WTSP Nurse Elizabeth Watson, WTSP Captain Famous Hurdle, WTSP Assistant Warden Johnny Fitz, WTSP Lieutenant Jermaine Ousley, WTSP Corporal Ashley Doyle, WTSP Sergeant Kristi Parker, WTSP Health Administrator Natalie Voss, WTSP Correctional Officer Thaniqua McKinney, WTSP Correctional Officer C. Taylor, and WTSP Correctional Officer K. Smart.

---

[1] Plaintiff, Tennessee Department of Correction prisoner number 131499, is an inmate at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee.

## BACKGROUND

Plaintiff alleges that he had a verbal disagreement with Defendant Harris in October 2017 during an attorney visit with his counselor. (ECF No. 1 at PageID 7.) When Harris returned Plaintiff to his cell, he allegedly locked the feeding flap and told Plaintiff he would make sure he did not get fed while Harris worked in Plaintiff's unit. (*Id.*) Defendant Doyle, who supervises Harris, allegedly approached Plaintiff's cell and told him that she would not remove the lock or correct Harris's action. (*Id.*) Plaintiff alleges that Doyle said this in front of Defendants Taylor and McKinney, who also agreed not to feed Plaintiff. (*Id.*)

After a shift change, a different officer (not a named Defendant here) told Plaintiff that Doyle had written "in giant red letters on the board in their office" not to remove the lock on Plaintiff's food flap for any reason per order of Defendant Ousley. (ECF No. 1 at PageID 7–8.) Plaintiff asked to speak with Ousley, who allegedly retorted, "fuck that bitch" and walked off. (*Id.* at PageID 8.) Plaintiff alleges that for four days, he did not receive food, his legal mail, or a chance to shower. (*Id.*)

Plaintiff wrote to Defendant Assistant Warden Fitz, who later saw the lock on Plaintiff's food flap but did nothing. (*Id.*) Plaintiff alleges that Defendant Smart confronted Plaintiff, accusing him of telling others about Smart's relationship with Defendant Doyle and threatening to assault Plaintiff if he saw him outside his cell. (*Id.* at PageID 8–9.) Defendant Smart also refused to feed him. (*Id.*) Plaintiff filed a grievance through Defendant Parker, who refused to process it allegedly because she had once locked other inmates' food flaps after disagreements. (*Id.* at PageID 9.) Parker instead wrote a disciplinary report alleging Plaintiff had intimidated her. (*Id.*)

Plaintiff then sought to file an emergency grievance. (ECF No. at PageID 9.) But his grievance was reportedly denied because Defendant Hurdle said that Defendants' not feeding Plaintiff for four days was not an emergency. (*Id.*) It apparently took calls from Plaintiff's family to get the lock removed from Plaintiff's food flap. (*Id.*)

That said, Defendants Doyle and McKinney allegedly staged Plaintiff's feedings to the prison's cameras to make it appear as if he were refusing his food tray for another week. (ECF No. 1 at PageID 9.) Plaintiff alleges that a nurse asked Defendant Taylor if they had been feeding Plaintiff, and Taylor smirked and told the nurse to "ask Doyle" because she was just doing what she was told. (*Id.* at PageID 9–10.) According to Plaintiff, the nurse reported Taylor's actions to Defendant Voss, and Plaintiff separately wrote to Voss to "inform[] her of what was taking place" (*Id.*) Plaintiff alleges Voss did nothing, though his "rapid weight loss was clear." (*Id.* at PageID 10.)

In an act of desperation, Plaintiff "declared a hunger strike hoping to get checked by medical staff," but Defendants Doyle and McKinney began bringing empty food trays to his cell. (*Id.*) Defendant Watson ignored Plaintiff's sick-call requests, including one instance in which Plaintiff "accidently bust [his] head wide open." (*Id.*) And Plaintiff was denied medication until he "quit pissing off the guards." (*Id.*) After one officer logged Watson's refusal to treat Plaintiff, Watson allegedly forged Plaintiff's medical file to show she had treated him. (*Id.*)

Plaintiff sues Defendants in their individual capacities. (*Id.* at PageID 11.) He seeks declaratory relief, an injunction against Defendant Voss to provide Plaintiff proper medical care, and compensatory and punitive damages. (*Id.* at PageID 12–14.)

# LEGAL STANDARDS

## I.  Screening Requirements Under 28 U.S.C. § 1915A

The Court must screen prisoner complaints and to dismiss any complaint, or any portion

of it, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)      seeks monetary relief from a defendant who is immune from that relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be

granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as

stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under

those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and

then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v.

Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory

allegations "are not entitled to the assumption of truth" because they are not "factual" and legal

conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  And Federal

Rule of Civil Procedure 8 provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of

the claim showing that the pleader is entitled to relief," it also requires factual allegations to

make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S.

at 555 n.3.

Courts conducting the screening analysis will accord slightly more deference to pro se

complaints than to those drafted by lawyers.  "Pro se complaints are to be held 'to less stringent

standards than formal pleadings drafted by lawyers,' and should therefore be liberally

construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.

2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of

Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v.*

*Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint

for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a

claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers*

*Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff

must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of

the United States, and (2) that a defendant caused harm while acting under color of state law.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

An Eighth Amendment claim consists of objective and subjective components. *Farmer*,

511 U.S. at 834. To satisfy the objective component, a prisoner must show that he "is

incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v.*

*Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth

Amendment violation requires a prisoner to show that the official acted with the requisite

intent—that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834;

*see also Wilson v. Seiter*, 501 U.S. 294, 297, 302–03 (1991). "[D]eliberate indifference

describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

"the prison official must know[] of and disregard[] an excessive risk to inmate health or safety."

*Id.* at 837–38. For his complaint to succeed, Plaintiff must satisfy these requirements.

## I.     Plaintiff States a Claim of Deliberate Indifference

Plaintiff asserts that the refusal of Defendants Harris, Doyle, McKinney, Taylor, and Smart to feed him for four days violated his rights under the Eighth Amendment.  (ECF No. 1 at PageID 11.)  Plaintiff's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Eighth Amendment imposes a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Eighth Amendment, however, "is concerned only with 'deprivations of essential food, medical care, or sanitation' or 'other conditions intolerable for prison confinement.'"  *Richmond v. Settles*, 450 F. App'x 448, 454 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)).

Plaintiff alleges that Defendant Harris locked his food flap and refused to give him any food trays.  Defendant Doyle allegedly knew of Harris's action and told Plaintiff she would not feed him.  Plaintiff alleges that Defendants McKinney and Taylor were present during that exchange and agreed not to feed Plaintiff.  He also alleges Defendant Smart threatened him and refused to feed him in part because of Smart's alleged relationship with Doyle.  Plaintiff alleges that the deprivation of any food for four days caused "rapid weight loss."  (ECF No. 1 at PageID 10.)

Receiving no food at all for four days creates a substantial risk of serious harm to one's health.  *See Reed v. McBride*, 178 F.3d 849, 856 (7th Cir. 1999) (alleged three-to-five-day deprivation of food enough to state Eighth Amendment claim); *Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998) (denial of four meals during thirty-two hour confinement in maximum

security cells satisfies objective component). And Plaintiff adequately alleges that each defendant knew of and disregarded the risk to his health from the denial of food and actively refused to give him food during the dour-day period. He therefore adequately states an Eighth Amendment claim against these Defendants.

## II. Plaintiff Does Not Allege Personal Involvement Sufficient to State a Claim Under Supervisory Liability

Plaintiff asserts that Defendants Fitz, Hurdle, Ousley, and Parker failed to act in response to their subordinates' actions, in violation of his Eighth Amendment rights. Under § 1983, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally is not liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727–28 (6th Cir. 1996). Furthermore, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003); *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007)

7

("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.").

Plaintiff does not allege that Defendants Fitz, Hurdle, Ousley, or Parker actively participated in the actions of the other Defendants who refused to feed him. At most, he alleges that they refused to correct their subordinates' actions after Plaintiff wrote or spoke to them about his conditions. Those allegations are not enough to hold the supervisory Defendants responsible under § 1983. Plaintiff therefore fails to state a claim against these Defendants.

## III. Plaintiff Does Not State a Claim for Inadequate Medical Care Against Defendant Voss But Does State a Claim Against Defendant Watson

The Court also reviews Plaintiff's claims about the denial of medical care under the Eighth Amendment. Under *Estelle v. Gamble*, 429 U.S. at 104, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" prohibited by the Eighth Amendment. That said, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

"[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). Plaintiff also must show each prison official subjectively acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v.*

8

*Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Farmer*, 511 U.S. at 838.

Plaintiff's deliberate-indifference claim against Defendant Voss does not meet the objective component. Plaintiff alleges that, although his "rapid weight loss was clear," Defendant Voss did not check his blood sugar or otherwise administer medical treatment. Although he describes his weight loss as "rapid," Plaintiff does not allege how much weight he lost. Nor does he allege that the weight loss was excessive, posed any immediate danger to his health or wellbeing, or caused him any injury or health problem. His allegations do not suffice to show that his weight loss was objectively serious.

Plaintiff also fails to satisfy the subjective component. Plaintiff alleges that a nurse reported Defendant Taylor's actions to Voss and that he wrote to inform her "what was taking place." (ECF No. 1 at PageID 9.) Although Plaintiff's allegations suggest that Voss may have known Plaintiff had not eaten for four days, Plaintiff does not allege that Voss knew about Plaintiff's resulting weight loss and remained deliberately indifferent to a substantial risk that Plaintiff would suffer serious harm. At most, Plaintiff's allegations suggest Voss failed to correct the behavior of her subordinates and this is not enough to hold her liable under § 1983. *See Iqbal*, 556 U.S. at 676. Plaintiff therefore fails to allege an Eighth Amendment claim against Defendant Voss.

Plaintiff, however, sufficiently states a claim of deliberate indifference against Defendant Watson. Plaintiff alleges that Watson refused all his sick-call requests and forged his medical documents to make it seem like she had treated him. He also alleges that Watson denied him his medications, but Plaintiff does not clarify what these medications are or the conditions they

9

treat.  Plaintiff also alleges that once he "bust [his] head wide open and [Watson] still wouldn't render no medical treatment" and merely told Plaintiff to "quit pissing off the guards [I']m not going to do anything for you."  (ECF No. 1 a PageID 10.)  Although details are scant, Plaintiff's allegation that Watson knew of and refused to treat his head injury, for which "even a lay person would readily recognize the necessity for a doctor's attention," satisfies both components of an Eighth Amendment claim.

## IV.    Plaintiff Does Not State a Claim Regarding the Prison Grievance Procedures

Plaintiff asserts that Defendant Parker's refusal to process his grievance violated his rights under the Due Process Clause of the Fourteenth Amendment.  But "[t]here is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).  Nor is there a "constitutionally protected due process right to unfettered access to prison grievance procedures."  *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  A § 1983 claim therefore cannot hinge on contentions that the grievance procedure was inadequate.  *LaFlame*, 3 F. App'x at 348.

## CONCLUSION

The Court DISMISSES Plaintiff's Eighth Amendment claims against Defendants Fitz, Hurdle, Ousley, Parker, and Voss and his Fourteenth Amendment claim against Defendant Parker for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  His Eighth Amendment claims against Defendants Harris, Doyle, McKinney, Taylor, Smart, and Watson may proceed.

The Clerk is DIRECTED to issue process for Defendants Harris, Doyle, McKinney, Taylor, Smart, and Watson and to deliver that process to the U.S. Marshal for service. That

service of process must be made on Defendants Harris, Doyle, McKinney, Taylor, Smart, and Watson under Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective.  All costs of service must by advanced by the United States.

The Court also ORDERS that Plaintiff must serve a copy of every later document he files in this cause on the attorneys for Defendants Harris, Doyle, McKinney, Taylor, Smart, and Watson.  Plaintiff must make a certificate of service on every document filed.  Plaintiff must familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[2]

Plaintiff must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may lead to the dismissal of this case without further notice.

**SO ORDERED**, this 13th day of August, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.