# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| PRENTISS PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02058-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| PATRICK HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g), CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff Prentiss Phillips sues pro se under 42 U.S.C. § 1983. He makes claims against Patrick Harris, Corporal WTSP; Elizabeth Watson, Nurse WTSP; Famous Hurdle, Captain WTSP; Johnny Fitz, Assistant Warden WTSP; Jermaine Ousley, Lieutenant WTSP; Ashley Doyle, Corporal WTSP; Kristi Parker, Sergeant WTSP; Natalie Voss, Health Administrator WTSP; Thaniqua McKinney, Correctional Officer, WTSP; C. Taylor, Correctional Officer WTSP; K. Smart, Correctional Officer, WTSP. (ECF No. 1.)

Then the Court screened the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and entered an Order partially dismissing the complaint. (ECF No. 7.) In that Order, the Court dismissed Plaintiff's Eighth Amendment claims against Defendants Fitz, Hurdle, Ousley, Parker, and Voss and his Fourteenth Amendment claim against Defendant Parker for failure to state a claim on which relief can be granted. (ECF No. 7 at PageID 41.) The Court allowed Plaintiff to proceed on his Eighth Amendment claims against Defendants

Harris, Doyle, McKinney, Taylor, Smart, and Watson and directed the Clerk to issue and serve process on the remaining Defendants. (*Id.*)

Defendant Doyle MOVED to dismiss if Plaintiff fails to pay the full filing fee within 30 days. (ECF No.16.) Defendant Doyle argues that, as a three-strike filer, Plaintiff cannot proceed in forma pauperis and must either tender the full filing fee or show that he is under imminent danger of serious physical injury. (*Id.*) Plaintiff responded in opposition, arguing that the Court should allow him to proceed with his complaint because Defendant Doyle is doing the same things she did to Plaintiff to other inmates. (ECF No. 22 at PageID 146–47.)

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)–(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a)–(b). The statute however provides some prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners have a right to use the installment payment provisions of § 1915(b). There are limits under 28 U.S.C. § 1915(g) which provide:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Put differently, when a litigant has brought three qualifying cases, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The statute does

2

not forbid a litigant like Petitioner here from suing no matter what, but, if he does sue, in most instances, he has to pay the filing fee like everybody else.

Plaintiff has filed three previous lawsuits dismissed for failure to state a claim, as malicious, or as baseless.[1] As a prisoner who has had three earlier cases dismissed under § 1915(g), the only way he may sue and proceed in forma pauperis, is if he first shows that he is under imminent danger of serious physical injury. Courts make the assessment of whether a prisoner is in imminent danger when the prisoner files the complaint or amended complaint. *See e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561–62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 312–16 (3d Cir. 2001) (en banc).

Looking at Plaintiff's complaint here, he signed and dated the complaint on January 20, 2018. (ECF No. 1 at PageID 15.) He asserts that Defendants refused to feed him for four days in mid-October 2017 and refused to treat his ailments and medical conditions at that time. These allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibitions against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff claims that the corrections officers locked his food flap, refused to give him food for four days, and that each defendant knew of and disregarded the risk to his health. (ECF No. 1 at PageID 10.) Plaintiff also claimed Defendant Watson refused Plaintiff's sick-call requests and forged medical documents to make it look like she treated him. (*Id.*)

---

[1] Plaintiff had filed *Phillips v. Houston-Fagan*, No. 3:15-cv-00447-PLR-HBG (E.D. Tenn. Mar. 21, 2018) (dismissed as malicious); *Phillips v. Bunch, et al.*, No. 3:14-cv-00340-PLR-HBG (E.D. Tenn. Apr. 18, 2018) (dismissed for failure to state a claim); *Phillips v. Balderidge, et al.*, No. 1:12-cv-01054-JCT-egb (W.D. Tenn. Nov. 13, 2012) (dismissed as baseless).

Given the timing here, none of these claims show that Plaintiff was in any imminent danger of serious physical injury when he filed his complaint in early 2018. The claims allege misconduct of correctional employees during October 2017. (*See* ECF No. 1 at PageID 7–10.) Plaintiff alleges no continuing conduct by Defendants during the three-month period between the incidents in October 2017 and when he sued in January 2018. "Assertions of past danger will not satisfy the 'imminent danger' exception." *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). While allegations that Defendants refused to feed him for four days are concerning, it does not meet the imminent danger requirement to waive the filing fee under § 1915(g).

Plaintiff does allege that the medical staff at the Northeast Correctional Complex "constantly causes months of me being without my medications." (ECF No. 1 at PageID 10.) This is the closest Plaintiff gets to alleging danger at the time of filing but this does not satisfy the "imminent danger of serious physical injury" requirement. Courts within the Sixth Circuit have held that prisoners satisfy the imminent danger requirement when they allege failure to receive adequate treatment for potentially life-threatening or chronic illnesses. *See, e.g.*, *Vandiver*, 416 F. App'x at 562–63 (6th Cir. 2011) (*citing Ibrahim v. District of Columbia*, 463 F.3d 3, 6–7 (D.C. Cir. 2006)); *Hamby v. Parker*, 307 F. Supp. 3d 822, 826 (M.D. Tenn. 2018) (finding imminent danger when the plaintiff alleged continuous denial of medical treatment for severe neuropathy); *Tripati v. Corizon, Inc.*, No. 13-2286-JDT-cgc, 2013 WL 12415481 at *2 (W.D. Tenn. July 12, 2013) (finding imminent danger when the plaintiff alleged failure to receive prescribed medication for severe pain, severe tremors, shakes, unbearable pain, and the inability to walk and sleep); *Freeman v. Collins*, No. 2:08-cv-00071, 2011 WL 1397594, at *6 (S.D. Ohio Apr. 12, 2011) (finding imminent danger when the plaintiff alleged denied medication and medical treatment for severe/chronic neck, chest, and shoulder pain).

4

In each of these cases, the prisoner plaintiff cited some medically determinable condition or need for medication or medical care not rendered by the defendants. By contrast here, Plaintiff alleges no medical condition requiring continued medical treatment. (*See id.*) The Court will not assume that an unnamed medical condition is life threatening or chronic. And the Court cannot assume that failure to receive vaguely referred to "medicines," without more, is enough to constitute imminent danger at the time of filing.

Plaintiff asserts that he satisfies the imminent danger requirement when he alleges that Defendant Doyle engages in the same conduct with other inmates. This position is, likewise, unpersuasive.[2] The plain language of § 1915(g) requires that the imminent danger alleged by Plaintiff be personal. 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . under this section . . . unless *the prisoner* is under imminent danger of serious physical injury.") Section 1915(g) provides no authority for asserting claims of imminent danger on behalf of other inmates, and this Court declines to enlarge that reading of the section.

In the end, Plaintiff has not persuaded this Court that he was in imminent danger of physical injury when he filed his complaint. So his claims do not come within the exception to 28 U.S.C. § 1915(g). And so the Court cannot address the merits of his claims unless Plaintiff first pays the civil filing fee.

The Court therefore **GRANTS** Defendants' motion to dismiss. (ECF No. 16.) The complaint is thus **DISMISSED WITHOUT PREJUDICE**. Plaintiff may, within twenty-eight

---

[2] Since filing the complaint, Plaintiff has filed a notice of change of address. (ECF No. 9.) Plaintiff moved from the Northeast Correctional Complex ("NCEX") in Mountain City, Tennessee to the West Tennessee State Penitentiary in Henning, Tennessee. (*Id.*) Plaintiff therefore is under no continued threat of harm at the hands of Defendants, employed at NCEX.

(28) days after the entry of judgment, reopen this case by moving to reopen accompanied by full payment of the $400 civil filing fee.

The Court hereby **CERTIFIES**, under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Plaintiff here would not be taken in good faith. Leave to appeal in forma pauperis is also **DENIED**.

IT IS SO ORDERED this 31st day of January, 2020.

                                        s/ Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE